UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRITTA RISNER, | Civil No. 2:23-cv-00235 |
| Plaintiff, | |
| | COMPLAINT FOR ERISA BENEFITS |
| v. | |
| | |
| METROPOLITAN LIFE INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff, Britta Risner, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plan, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" an "employee welfare benefits plan" as

PLAINTIFF'S COMPLAINT
Civ. No.: 2:23-cv-00235                1

Evergreen Disability Law
465 NE 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331

1 defined by ERISA, 29 U.S.C. § 1001 et seq. and the subject benefit plan constitutes a "plan under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as the Department of Labor's ERISA claims regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials.  In this case, the plan's mandatory appeals have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the Western District of Washington pursuant to 29 U.S.C. § 1132(e)(2), as the district in which the breach occurred. Plaintiff lives in Skagit County, Washington, and Defendant failed to deliver benefits due to her there.

## **PARTIES**

4. Plaintiff is a resident of Anacortes, Skagit County, Washington.

5. Defendant Metropolitan Life Insurance Company ("MetLife") is an insurance company headquartered in New York, New York, and is authorized to transact the business of insurance in this state.

6. MetLife is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy 118608-1-G, issued by MetLife to MAXIMUS, Inc.

7. MetLife may be served with process in Washington by and through the Washington State Office of the Insurance Commissioner, by mailing two copies of the summons and complaint to: Office of the Insurance Commissioner, Service of Legal Process, P.O. Box 40255, Olympia, WA 98504-0255.

PLAINTIFF'S COMPLAINT  
Civ. No.: 2:23-cv-00235                           2

Evergreen Disability Law  
465 NE 181st Ave., No. 500  
Portland, Oregon 97230  
(503) 888-9331

**FACTS**

8. Plaintiff was employed by MAXIMUS Services, LLC as a "Senior Engineer – Data Analyst."

9. By virtue of her employment, Plaintiff was covered by Group Long Term Disability Policy 118608-1-G, issued by MetLife to Plaintiff's employer.

10. The provision of group long term disability ("LTD") insurance coverage to employees of MAXIMUS constitutes an ERISA welfare benefit plan ("Plan").

11. Plaintiff stopped working for MAXIMUS on or about December 13, 2019 due to disabling symptoms of mast cell activation, as well as other conditions. Plaintiff's primary disabling symptoms were severe fatigue, sleep disturbance, migraines, and other chronic pain.

12. When Plaintiff ceased work she was covered under the terms of the Plan.

13. Plaintiff timely applied for LTD benefits under the Plan.

14. For the first two years LTD benefits under the Plan, the standard for disability is an inability to perform one's "own occupation."

15. MetLife approved Plaintiff's claim for LTD benefits and paid benefits as of March 20, 2020, after the policy's waiting or "elimination" period.

16. MetLife later denied Plaintiff's claim as of March 9, 2021, based on MetLife's determination that Plaintiff was no longer disabled from her own occupation.

17. Plaintiff timely appealed this denial on August 10, 2022.

18. Plaintiff's appeal included 20 supporting exhibits, including reports of independent functional capacity testing and independent cardiopulmonary exercise testing, both of

PLAINTIFF'S COMPLAINT
Civ. No.: 2:23-cv-00235

3

Evergreen Disability Law
465 NE 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331

1  which confirmed that Plaintiff could not perform even sedentary work on a full-time
2  basis.
3  19. Plaintiff's appeal also included an examination report from an independent
4  psychological exam conducted by the Social Security Administration in connection with
5  Plaintiff's claim for disability benefits from that Agency. SSA's independent
6  psychological examiner determined that Plaintiff would not be able to perform the
7  complex thinking requirements of her own occupation.
8  20. MetLife denied Plaintiff's appeal by letter dated November 16, 2022.
9  21. MetLife's November 16, 2022 appeal denial letter stated that it was "MetLife's final
10  determination" and that Plaintiff "has the right to bring a civil action" challenging the
11  denial of her claim.
12  22. Plaintiff has exhausted the Plan's mandatory administrative remedies.
13  23. This complaint is timely filed within the contractual limitations period stated in the
14  policy.
15  24. Plaintiff was and continues to be disabled under the terms of the Plan.
16  25. Defendant would pay any benefits due out of its own funds.
17  26. Defendant was under a perpetual conflict of interest because the benefits would have
18  been paid out of its own funds.
19  27. Defendant allowed its concern over its own funds to influence its decision-making.

**FIRST CAUSE OF ACTION**
**FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)**

22  28. Under the terms of the Plan, Defendant agreed to provide Plaintiff with long term
23  disability benefits in the event that Plaintiff became disabled as defined by the Plan.

29. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

30. Defendant failed to provide benefits due under the terms of the Plan and these denials of benefits to Plaintiff constitute breaches of the Plan.

31. The decisions to deny these benefits were wrong under the terms of the Plan, and should be reversed on *de novo* review.

32. The decisions to deny benefits and decision-making processes were also arbitrary and capricious.

33. The decisions to deny benefits were not supported by substantial evidence in the record.

34. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled under the Plan.

35. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

62. A finding in favor of Plaintiff against the Defendant;

PLAINTIFF'S COMPLAINT                                         Evergreen Disability Law
Civ. No.: 2:23-cv-00235                    5                  465 NE 181st Ave., No. 500
                                                              Portland, Oregon 97230
                                                              (503) 888-9331

63. Damages in the amount equal to the disability income benefits to which she was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

64. Prejudgment and postjudgment interest;

65. An Order requiring the Defendant to pay continuing benefits into the future, so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which she might be entitled on the basis of being disabled under the LTD plan, in the future so long as Plaintiff remains disabled under the terms of the Plan;

66. Plaintiff's reasonable attorney fees and costs; and

67. Such other relief as this court deems just and proper.

Dated this 22nd day of February, 2023.

Respectfully submitted,

BY:    *s/Jeremy L. Bordelon*
       Jeremy L. Bordelon, WSBA No. 53118

PLAINTIFF'S COMPLAINT
Civ. No.: 2:23-cv-00235

6

Evergreen Disability Law
465 NE 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331