UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRITTA RISNER,<br><br>                    Plaintiff,<br><br>     v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>                    Defendant. | CASE NO. 2:23-CV-00235-LK<br><br>ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION FOR JUDGMENT |

    This matter comes before the Court on the parties' Joint Motion for Judgment. Dkt. No. 32. Based on the record in this case and the Court's findings of fact and conclusions of law as stated in its Order on Plaintiff's Motion for Judgment on the Record and Defendant's Motion for Judgment on the Record, Dkt. No. 29, the Court grants in part and denies in part the joint motion.

    In their motion, the parties ask the Court to order that:

1. Defendant Metropolitan Life Insurance Company's denial of Plaintiff Britta Risner's claim for disability insurance benefits be overturned, and that Plaintiff be awarded past-due benefits and interest for the remainder of the policy's "own occupation" period, from March 10, 2021, to March 19, 2022, in the total amount of $40,000;

2.      Defendant shall pay an additional $27,000 towards Plaintiff's attorney fees and costs, resolving Plaintiff's claims to the same;

3.      Defendant shall reopen Plaintiff's LTD claim to consider whether she is entitled to benefits beyond March 19, 2022 for disability from "any occupation," pursuant to the terms of the LTD policy, and shall follow all ERISA claim regulations for an initial disability claim decision when considering this issue; and

4.      The Court's Order, Dkt. No. 29, shall also be unsealed and made available on the public docket as an unpublished opinion.

Dkt. No. 32 at 1–2.

The Court construes the joint motion as a stipulation by the parties to the following facts:

1.      Ms. Risner's past-due benefits and interest for the remainder of the policy's "own occupation" period, from March 10, 2021, to March 19, 2022, is $40,000; and

2.      Awarding $27,000 in attorney fees and costs to Ms. Risner is consistent with any statutory or contractual provision governing such award.

Although the Court can unseal its March 31, 2025 Order so that it is available on the public docket, it has no control over whether the decision will be published. *See Cont'l W. Ins. Co. v. Costco Wholesale Corp.*, C10-1987 RAJ, 2011 WL 3583226 (W.D. Wash. Aug. 15, 2011) ("[U]nlike in the circuit courts, the vast majority of district court judges exercise little or no control over which cases become 'published' in West's official reporters."). Aside from this, the parties' proposed judgment is consistent with the above stipulations of fact, the record in this case, and the Court's findings of fact and conclusions of law as stated in its prior order. The Court accordingly GRANTS IN PART and DENIES IN PART the parties' motion and will enter judgment consistent with this Order.

Dated this 5th day of May, 2025.

Lauren King
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION FOR JUDGMENT - 2